UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:11CV00281 AGF |
| CITY OF LAKE SAINT LOUIS, | ) ) | |
| Defendant/ Third-Party Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| JOHNSON YUST DEVELOPMENT COMPANY, INC., | ) ) ) | |
| Third-Party Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Defendant City of Lake Saint Louis, Missouri, ("Lake Saint Louis") to dismiss Counts II, III, and IV [Doc. No. 4] of the Complaint. Plaintiff, Federal Deposit Insurance Corporation ("FDIC"), as receiver for Premier Bank ("Premier"), filed suit in the Circuit Court of St. Charles County, Missouri, seeking equitable relief and damages related to certain funds held in escrow by Premier at the request of Lake Saint Louis as part of a subdivision development project.  Lake Saint Louis then filed a counterclaim and a third party claim against the developer, Johnson Yust Development Company ("Johnson").  On December 20, 2010, FDIC was granted leave to substitute itself for Premier as Plaintiff.  Thereafter on February 16, 2011, FDIC

removed the action to this Court on the basis of federal question jurisdiction. FDIC has filed no response to the motion to dismiss. The complaint alleges that Johnson, or its affiliate, owns property in Lake Saint Louis which it sought to develop as a subdivision known as Mason Glen. On June 17, 2005, as part of the subdivision development project, Johnson and Lake Saint Louis entered into a contract for soil erosion and grading services.[1] Johnson guaranteed completion of the grading and erosion earthworks for the Mason Glen subdivision to be paid for by Lake Saint Louis. Lake Saint Louis placed approximately $600,000 in escrow with Premier to be released to Johnson upon completion of the grading pursuant to a "Grading and Soil Erosion Escrow Agreement" executed by Johnson, Lake Saint Louis, and Premier. Johnson completed the grading of the property, and in November 2006, Lake Saint Louis authorized Premier to release all but approximately $60,000 of the funds in escrow.

On or about January 2007, Johnson refinanced a loan held by Premier and, as required, substituted a new grading and erosion escrow agreement for the original one ("Replacement Grading and Soil Erosion Escrow Agreement"). Thereafter, Johnson and Lake Saint Louis entered into an additional agreement regarding subdivision improvements, pursuant to which Lake Saint Louis placed approximately $400,000 in

---

[1] The allegation provides that "Defendant First National Bank and Developer" entered into this agreement. Complaint, ¶ 6. The Court assumes from the caption and the agreements attached to the Complaint that Plaintiff intended to reference "Defendant, Premier Bank and Developer." If the reference to First National Bank was unintentional, Plaintiff may wish to seek leave to amend the complaint to correct the error.

escrow with Premier to be released to Johnson upon completion of the improvements under a Subdivision Improvement Escrow Agreement executed by Johnson, Lake Saint Louis, and Premier.

After completion of the grading, Johnson failed to move forward with the development project.  On November 10, 2009, Lake Saint Louis, claiming that Johnson had abandoned the Mason Glen project, made demand upon Premier to release the remaining funds held under the Replacement Grading and Soil Erosion Escrow Agreement and under the Subdivision Improvement Escrow Agreement (collectively, the "Escrow Agreements").  Premier refused to release the funds from escrow and filed this action.

In Count I, FDIC seeks a declaration of the parties' rights and responsibilities under the Escrow Agreements.  In Counts II and III, seeking rescission or reformation of the Escrow Agreements and damages, respectively, FDIC contends that Lake St. Louis failed to comply with the procedures set forth in Mo. Rev. Stat. § 89.410 with respect to the Escrow Agreements to which Premiere was a party.  In Count IV, the FDIC asserts a claim for equitable relief under state law.

**Legal Standard: Motion to Dismiss**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the legal sufficiency of a complaint so as to eliminate claims  "which are fatally flawed in their legal premises . . . thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)).  To survive a motion to dismiss for

failure to state a claim, a complaint need not contain "detailed factual allegations," but it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). As the United States Supreme Court reiterated in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*.

Upon considering a motion to dismiss, a federal court must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff. Fed. R. Civ. P. 12(b)(6); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Davenport v. Farmers Ins. Grp.,* 378 F.3d 839, 842 (2004). The task of a court is then "to review the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation." *Zoltek Corp. v. Structural Polymer Grp.*, 592 F.3d 893, 896 n.4 (8th Cir. 2010) (citing *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (noting "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible").

Upon review of the allegations of the complaint and the arguments set forth by Lake Saint Louis, the Court concludes that the motion of Lake Saint Louis to dismiss will be granted with respect to Counts II and III and denied with respect to Count IV.

Lake Saint Louis moves to dismiss Counts II and III, brought pursuant to Mo. Rev. Stat. §89.410. The statute specifies certain procedures related to the subdivision of land, including the establishment and release of escrow funds set aside for grading, erosion control, and improvements. Section 89.410.4 provides that "any owner or developer

4

aggrieved by the city's . . . failure to observe the requirements of this section may bring a civil action to enforce this section."  Lake Saint Louis asserts that FDIC, as receiver for Premier, lacks standing to pursue a claim under § 89.410 because Premier is neither an "owner" nor a "developer" of the Mason Glen property.  FDIC makes no showing to the contrary, and neither the plain meaning of the statute nor the case law interpreting it, supports a conclusion that Premier may be deemed an "owner or developer" of the Mason Glen subdivision, or is otherwise entitled to pursue a claim under § 89.410.  This is not a case where an organization seeks standing to sue on behalf of its members, on the grounds that the members satisfy the requirements of the statutory provision.  *See, e.g*, *Homebuilders Ass'n. v. City of Wildwood*, 32 S. W. 3d 612,616(Mo. Ct. App. 2000) (holding that a homebuilder's association had standing to challenge under § 89.410.4, an ordinance addressing financial security measures directed at developers).  Similarly, the Court does not find, nor do the parties identify, any authority supporting the notion that Premier's role as holder of the escrow funds and party to the Escrow Agreements would otherwise confer standing under § 89.410.   Accordingly, Plaintiff's claims for rescission and reformation in Count II and for damages in Count III will be dismissed.

In Count IV, the FDIC seeks relief under Mo. Rev. Stat. § 526.030, which provides for an injunction when an adequate remedy cannot be afforded by an action for damages. Lake Saint Louis asserts that Plaintiff, having pled alternate bases for relief, cannot consistently claim the absence of an "adequate remedy."  Having concluded that Plaintiff's claims for rescission or reformation and damages must fail, the Court cannot agree that Plaintiff's claim for injunctive relief should be dismissed merely because

5

Plaintiff pled alternative bases for relief.  On a further developed record it may become clear that injunctive relief is not appropriate, but until that time, the Court will allow Count IV to stand.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss Counts II, III and IV of Plaintiff's complaint [Doc. No. 4] is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that Counts II and III are **DISMISSED** with prejudice.

*[signature]*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 26th day of September, 2011.